1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  A.D. WEBB,                          )  1:11-cv—00331-SMS-HC
                                        )
11            Petitioner,               )  ORDER DENYING PETITIONER'S MOTION
                                        )  TO STAY THE PETITION PURSUANT TO
12                                      )  RHINES v. WEBER (Doc. 1)
         v.                             )
13                                      )  ORDER GRANTING PETITIONER THIRTY
    RANDY GROUNDS, Warden,              )  (30) DAYS FROM THE DATE OF
14                                      )  SERVICE OF THIS ORDER TO WITHDRAW
              Respondent.               )  PETITIONER'S UNEXHAUSTED CLAIMS
15                                      )  AND SEEK A KELLY STAY
    _____ )
16                                         INFORMATIONAL ORDER TO PETITIONER
                                           CONCERNING DISMISSAL IF
17                                         UNEXHAUSTED CLAIMS ARE NOT
                                           WITHDRAWN
18

19       Petitioner is a state prisoner proceeding pro se and in

20  forma pauperis with a petition for writ of habeas corpus pursuant

21  to 28 U.S.C. § 2254.  The matter has been referred to the

22  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

23  Rules 302 through 304.  Pending before the Court is the petition,

24  which was filed on February 25, 2011, and Petitioner's motion to

25  stay the action, which is part and parcel of the petition (Pet.

26  1-22.)

27       I.  Screening the Petition

28       Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

1484, 1499 (9th Cir. 1997).

Here, Petitioner, an inmate of the Soledad Correctional Training Facility (CTF) serving a sentence of twenty-five years to life imposed in the Kern County Superior Court for second degree burglary with prior convictions, challenges on various grounds his 2008 burglary conviction and sentence imposed on May 26, 2009.  (Pet. 2, 23-51.)

Petitioner raises the following claims:  1) insufficient evidence of intent to commit a forgery at the time he entered the Money Mart resulted in a violation of his Fourteenth Amendment right to due process of law; 2) Petitioner could not have intended to forge the check by passing it as genuine because the check was unsigned and on its face was not likely to deceive; 3) Petitioner could not have intended to forge the check upon entering the Money Mart because as he possessed the check when walking through the door, it was a genuine check; 4) Petitioner's trial counsel was ineffective because she failed to investigate adequately and object to the absence (unavailability) of the prosecution's witness Jorge Ramirez, the person to whom the check in question allegedly belonged, and to prevent the admission of prejudicial hearsay (Pet. 41-44, 27); 5) Petitioner's sentence under the "Three Strikes Law" was "CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT UNDER THE PRINCIPLE OF THE CALIFORNIA CONTRACT LAW" because in sentencing Petitioner on the basis of prior convictions which had been grounded on guilty pleas entered in 1995 and 1993, the sentencing court failed to construe Petitioner's prior plea agreements properly according to

California contract law, which would have shown that the agreements "did not involve any plain or direct provisions for the enhancement of 25 years to life." (Pet. 33, 50, 46-50.)  In connection with his fifth claim, Petitioner also appears to allege that the enhancement of his sentence for the prior convictions violates his due process right to enforce the terms of a plea agreement. (Pet. 47, 50.)  Petitioner's second and third claims appear to be specific sub-claims of his first claim concerning the insufficiency of the evidence of intent to commit a forgery.

        II.  Exhaustion of State Court Remedies

    A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

    A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the

4

petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan,

5

this court has held that the petitioner must make the
federal basis of the claim explicit either by citing
federal law or the decisions of federal courts, even
if the federal basis is "self-evident," <u>Gatlin v. Madding</u>,
189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.
Harless</u>, 459 U.S. 4, 7... (1982), or the underlying
claim would be decided under state law on the same
considerations that would control resolution of the claim
on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195
F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>,
88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d
at 865.
...
In <u>Johnson</u>, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir.

2001).

Where none of a petitioner's claims has been presented to

the highest state court as required by the exhaustion doctrine,

the Court must dismiss the petition.  <u>Raspberry v. Garcia</u>, 448

F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478,

481 (9th Cir. 2001).  The authority of a court to hold a mixed

petition in abeyance pending exhaustion of the unexhausted claims

has not been extended to petitions that contain no exhausted

claims.  <u>Raspberry</u>, 448 F.3d at 1154.

A federal court cannot entertain a petition that is "mixed,"

or which contains both exhausted and unexhausted claims.  <u>Rose v.

Lundy</u>, 455 U.S. 509, 510 (1982).  A district court must dismiss a

mixed petition; however, it must give the petitioner the choice

of returning to state court to exhaust his claims or of amending

or resubmitting the habeas petition to present only exhausted

claims.  <u>Rose v. Lundy</u>, 455 U.S. at 510 (1982); <u>Jefferson v.

1  <u>Budge</u>, 419 F.3d 1013, 1016 (9th Cir. 2005).

2      Here, Petitioner's first three claims have been exhausted

3  because Petitioner specifically alleges, and provides

4  documentation confirming, that they have been presented to the

5  California Supreme Court, which has denied his request for

6  relief.  (Pet. 61, 65-66.)

7      However, Petitioner admits that his fourth claim concerning

8  the ineffective assistance of counsel and his fifth claim

9  concerning the application of California's "Three Strikes Law"

10  have not been fully presented to the California Supreme Court.

11  (Pet. 3, 7, 27.)  As to those claims, Petitioner alleges that

12  after the intermediate state appellate court denied his petition

13  for writ of habeas corpus on October 21, 2010, Petitioner then

14  filed a petition for writ of habeas corpus raising them before

15  the California Supreme Court.  (Pet. 27.)  Thus, Petitioner

16  alleges that a state petition is pending before the California

17  Supreme Court.  Reference to the official site for case

18  information from the California Appellate Courts reflects that

19  Petitioner filed a habeas petition in the California Supreme

20  Court on December 2, 2010.[1]  No further information is available.

21      Accordingly, Petitioner has filed a mixed petition.

22  Therefore, Petitioner's choices would normally be either to

23  withdraw the unexhausted claims and proceed with only the

24  exhausted claims, or suffer dismissal, return to state court to

25  

26      [1] The Court may take judicial notice of facts that are capable of
accurate and ready determination by resort to sources whose accuracy cannot
27  reasonably be questioned, including undisputed information posted on official
web sites.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331,
28  333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u> –F.3d –,
2010 WL 5141247, *4 (No. 08-35531, 9th Cir. Dec. 20, 2010).

1  exhaust the unexhausted claims, and then file another petition
2  here.

3       III.   <u>Motion for Stay of the Petition</u>

4       In the first twenty-two (22) pages of the petition,
5  Petitioner moves to stay and hold in abeyance the present
6  petition.

7       A district court has discretion to stay a petition which it
8  may validly consider on the merits.  <u>Rhines v. Weber</u>, 544 U.S.
9  269, 276 (2005);  <u>King v. Ryan</u>, 564 F.3d 1133, 1138-39 (9th Cir.
10 2009).  A petition may be stayed either under <u>Rhines</u>, or under
11 <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  <u>King v. Ryan</u>, 564
12 F.3d 1133, 1138-41 (9th Cir. 2009).

13      Under <u>Rhines</u>, the Court has discretion to stay proceedings;
14 however, this discretion is circumscribed by the Antiterrorism
15 and Effective Death Penalty Act of 1996 (AEDPA).  <u>Rhines</u>, 544
16 U.S. at 276-77.  In light of AEDPA's objectives, "stay and
17 abeyance [is] available only in limited circumstances" and "is
18 only appropriate when the district court determines there was
19 good cause for the petitioner's failure to exhaust his claims
20 first in state court."  <u>Id</u>. at 277-78.

21      A petition may also be stayed pursuant to the procedure set
22 forth by the Ninth Circuit in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th
23 Cir. 2003).  Under this three-step procedure: 1) the petitioner
24 files an amended petition deleting the unexhausted claims; 2) the
25 district court stays and holds in abeyance the fully exhausted
26 petition; and 3) the petitioner later amends the petition to
27 include the newly exhausted claims.  <u>See, King v. Ryan</u>, 564 F.3d
28 1133, 1135 (9th Cir. 2009).  However, the amendment is only

                                  8

1  allowed if the additional claims are timely.  Id. at 1140-41.

2      Here, because Petitioner admits that two of the claims are

3  unexhausted but makes no offer to withdraw the unexhausted

4  claims, the Court interprets Petitioner's motion as primarily a

5  motion for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 277-

6  78 (2005).

7      A stay pursuant to Rhines should be available only in the

8  limited circumstances where it is shown that 1) there was good

9  cause for the failure to have first exhausted the claims in state

10 court, 2) the claim or claims at issue potentially have merit,

11 and 3) there has been no indication that the petitioner has been

12 intentionally dilatory in pursuing the litigation.

13     In view of the limited record before the Court at this stage

14 of the proceedings, it cannot be concluded that Petitioner's

15 claims concerning the allegedly ineffective assistance of counsel

16 and unconstitutionality of Petitioner's sentence are without

17 merit.  Further, it does not necessarily appear that Petitioner

18 has been intentionally dilatory; although his two unexhausted

19 claims were not raised until the habeas petition was filed in the

20 California Supreme Court after October 21, 2010, Petitioner

21 appears to have attempted to educate himself concerning the law

22 and to rely on several "writ writers" during the period of time

23 between the affirmance of his conviction on appeal in August 2009

24 and the filing after October 2010 of the habeas petition now

25 pending before the California Supreme Court.

26     With respect to good cause, Petitioner alleges that the

27 issues are not frivolous or without merit, and he has concerns

28 about the timeliness of his petition here.  (Pet. 4, 7.)

Petitioner, who has a GED, read law in the prison library but found the law too complex to understand.  Petitioner relied on a writ writer.  After April 2010, Petitioner was transferred to a different prison and lost his original petition; he then relied on a second writ writer.  (Pet. 6.)  After October 2010, Petitioner found a third writ writer, who filed the petition that is now pending before the California Supreme Court.  (Pet. 7.)

The Supreme Court has not articulated what constitutes good cause under Rhines, but it has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  The Ninth Circuit has held that the standard is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances."  Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Here, Petitioner asserts that as a result of his high school education, he had difficulty in understanding the law and had to rely on other prisoners to help him.  Further, it is assumed that Petitioner is asserting ignorance of the exhaustion requirement

1  at the pertinent time or times.  However, these circumstances are

2  everyday realities in the lives of prisoners.  If Petitioner's

3  assertions are considered to qualify as good cause, then a <u>Rhines</u>

4  stay would be available in virtually every case in which a

5  petitioner was ignorant of the law or without counsel to

6  represent him with respect to discretionary, post-conviction

7  proceedings.  This would run counter to the directions in <u>Rhines</u>

8  and <u>Wooten</u> that stays be available only in limited circumstances.

9      Accordingly, the Court concludes that because Petitioner has

10  not demonstrated good cause, Petitioner has not demonstrated his

11  entitlement to a stay under <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78

12  (2005).

13      The Court can stay the petition pursuant to <u>Kelly v. Small</u>,

14  315 F.3d 1063 (9th Cir. 2003), by utilizing a three-step

15  procedure:  1) the petitioner must file an amended petition

16  deleting the unexhausted claims; 2) the district court will stay

17  and hold in abeyance the fully exhausted petition; and 3) the

18  petitioner will later amend the petition to include the newly

19  exhausted claims.  <u>See</u>, <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th

20  Cir. 2009).  However, the amendment is only allowed if the

21  additional claims are timely.  <u>Id</u>. at 1140-41.[2]

22      Petitioner will be given an opportunity to withdraw the

23  fourth and fifth claims in his petition, which are unexhausted,

24  and to have the fully exhausted petition stayed pending

25

26      [2] It is unclear whether Petitioner will have sufficient time to be able
   to exhaust his unexhausted claims.  However, no statute of limitations
27  protection is imparted in a <u>King/Kelly</u> stay, nor are the exhausted claims
   adjudicated in this Court during the pendency of such a stay.  Further, the
28  undersigned is not making any determination at this time that Petitioner can
   timely exhaust any claims prior to the expiration of the statute of
   limitations.

exhaustion of the other claims in state court.  The Court must

dismiss the petition without prejudice unless Petitioner

withdraws the unexhausted claims and proceeds with the exhausted

claims in lieu of suffering dismissal.

    IV.   Disposition

    Accordingly, it is hereby ORDERED that:

    1) Insofar as Petitioner seeks a stay of the instant

petition pursuant to Rhines v. Weber, Petitioner's motion for a

stay is DENIED; and

    2)  Petitioner is GRANTED thirty (30) days from the date of

service of this order to file a motion to withdraw the

unexhausted claims and to seek a stay of the fully exhausted

petition.  In the event Petitioner does not file such a motion,

the Court will assume Petitioner desires to return to state court

to exhaust the unexhausted claims and will therefore dismiss the

entire petition without prejudice.[3]


**IT IS SO ORDERED.**

---

    [3] Petitioner is informed that a dismissal for failure to exhaust will not itself
bar him from returning to federal court after exhausting his available state remedies.
However, this does not mean that Petitioner will not be subject to the one-year
statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations
period is tolled while a properly filed request for collateral review is pending in
state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is
pending in federal court.  Duncan v. Walker, 533 U.S. 167, 172 (2001).
    Petitioner is further informed that the Supreme Court has held in pertinent
part:
        [I]n the habeas corpus context it would be appropriate
        for an order dismissing a mixed petition to instruct an
        applicant that upon his return to federal court he is to
        bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a)
        and (b).  Once the petitioner is made aware of the exhaustion
        requirement, no reason exists for him not to exhaust all potential
        claims before returning to federal court.  The failure to comply
        with an order of the court is grounds for dismissal with prejudice.
        Fed. Rules Civ. Proc. 41(b).
Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that
in the event he returns to federal court and files a mixed petition of exhausted and
unexhausted claims, the petition may be dismissed with prejudice.

Dated:    **March 3, 2011**                    **/s/ Sandra M. Snyder**
                                   UNITED STATES MAGISTRATE JUDGE