UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| A.D. WEBB, | ) | 1:11-cv—00331-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO AMEND THE PETITION TO |
| | ) | WITHDRAW UNEXHAUSTED CLAIMS |
| v. | ) | (DOC. 6) |
| | ) | |
| RANDY GROUNDS, Warden, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY AND ABEYANCE |
| Respondent. | ) | (DOC. 6) |
| | ) | |
| | ) | ORDER DIRECTING PETITIONER TO FILE STATUS REPORTS EVERY THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on March 18, 2011 (doc. 5). Pending before the Court is Petitioner's motion to withdraw unexhausted claims and to stay the proceedings on the fully exhausted claims pending exhaustion of state court remedies, which was filed on March 18, 2011.

1

I.   Motion to Withdraw Unexhausted Claims

Although Petitioner's first three claims relating to the evidence supporting his conviction appear to be exhausted, Petitioner admitted that his fourth and fifth claims concerning the allegedly ineffective assistance of trial counsel and his "Three Strikes" sentence were unexhausted.  In response to the Court's order of March 4, 2011, Petitioner moved in accordance with the Court's order to withdraw the unexhausted claims and to stay the proceedings on the fully exhausted claims pending exhaustion of state court remedies.

Accordingly, Petitioner's motion to amend the petition to withdraw the unexhausted claims will be granted.

II.   Motion for Stay of the Proceedings

Petitioner moves to stay the petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

A district court has discretion to stay a petition which it may validly consider on the merits.  Rhines v. Weber, 544 U.S. 269, 276 (2005);  King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009).  A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

In the three-step procedure under Kelly, 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims.  See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.

2

In this case, Petitioner meets the qualifications for a Kelly stay. The petition contained two unexhausted claims which have been withdrawn. Thus, the instant petition is already exhausted, and the first step of the Kelly procedure is complete.

Therefore, the Court will stay the proceedings according to the second step of the Kelly procedure. Petitioner will be instructed to file status reports of his progress through the state courts. Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims. He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

III.  Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion to amend the petition to withdraw the unexhausted claims is GRANTED; and

2) Petitioner's motion for stay of the proceedings is GRANTED pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); and

3) The proceedings are STAYED pending exhaustion of state remedies; and

4) Petitioner is DIRECTED to file a status report of his progress in the state courts within thirty (30) days, and then every thirty (30) days thereafter until exhaustion is complete; and

5) Within thirty (30) days after the final order of the California Supreme Court, Petitioner MUST FILE an amended

3

1  petition in this Court including all exhausted claims.
2          Petitioner is forewarned that failure to comply with this
3  Order will result in the Court's vacating the stay.
4
5  IT IS SO ORDERED.
6  **Dated:   July 26, 2011**                             /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE

4